IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEVEN WATTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-327-DGW-SCW |
| | ) | |
| 84 LUMBER COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

On June 13, 2014, a hearing was held on the pending motions in this matter and, for the reasons set forth at the hearing and below, the following is hereby **ORDERED**:

1. The Motion to Dismiss filed by Crane Co. on March 19, 2014 (Doc. 9) is **DENIED in part and TAKEN UNDER ADVISEMENT IN PART**. As to Defendant's request for a more definite statement, Defendant argues that Plaintiff "aggregates allegations against several defendants in a single, unspecific statement" thus violating notice pleading requirements. To satisfy a notice-pleading standard of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). In other words, the Plaintiff's complaint must be sufficient to provide the Defendant with fair notice of the Plaintiff's claim and its basis. *See Indep. Trust Corp. v. Stewart Info. Serv. Corp.,* 665 F.3d 930, 934 (7th Cir.2012), *citing Ericson v. Pardus,* 551 U.S. 89, 93 (2007), *quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement of a claim when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a

response." The motion must "point out the defects complained of and the details desired." *Id.* "Encouraging a plaintiff to plead what few facts can be easily provided and will clearly be helpful serves to expedite resolution by quickly alerting the defendant to basic, critical factual allegations (that is, by providing 'fair notice' of the Plaintiff's claim)." *EEOC v. Concentra Health Servs. Inc.,* 496 F.3d 773, 779–80 (7th Cir.2007). It is enough to name the Plaintiff and the Defendant, state the nature of the grievance, and give a few details that will let the Defendant investigate. *Id.*; *See also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512–13 (2002); *McDonald v. Household International, Inc.,* 425 F.3d 424, 427–28 (7th Cir.2005). The Seventh Circuit considers Rule 12(e) one of several "tools" the district court may use to require additional specificity in a pleading. *Hoskins v. Poelstra,* 320 F.3d 761, 764 (7th Cir.2003). The details Defendant requires can be acquired through discovery. Plaintiff has stated a claim: additional facts are not necessary at this stage of the litigation. In addition, as noted in this Court's scheduling Order, Plaintiff is required to file an amended complaint once the evidence reveals more detail as to the allegedly culpable parties. The Motion is accordingly **DENIED** as to this request. In all other respects, the Motion is **TAKEN UNDER ADVISEMENT**.

2. The Motions to Dismiss Counts IV and V filed by various Defendants (Docs. 53, 57, 61, 117, 118, 119, 120, 121, 122, 123, 124, 154, 158, and 163) are **MOOT**. Plaintiff has either filed a stipulation of dismissal as to that count as to the moving Defendants or has withdrawn his objection to the Motion and indicate that he will file a stipulation of dismissal as to that count and/or Defendant.

3. The Motion for a More Definite Statement and to Dismiss Count V filed by Georgia Pacific, LLC., Ingersoll-Rand Company, Trane US, Inc., and Velan Valve Corp. (Doc. 72) is **DENIED IN PART** for the reasons set forth above (as to a more definite statement) and **MOOT IN PART** as to

2

dismissal of Count V in light of Plaintiff's representation that Count V will be voluntarily dismissed as to those Defendants.

**IT IS SO ORDERED.**

**DATED: June 20, 2014**

                                              **DONALD G. WILKERSON**
                                              **United States Magistrate Judge**