IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN WATTS,

    Plaintiff,

vs.

84 LUMBER COMPANY, *et al.*,

    Defendants.

Case No. 14-cv-0327-SMY-SCW

**MEMORANDUM AND ORDER**

    This matter comes before the Court on Defendant Crane Co.'s ("Crane") Motion to Dismiss (Doc. 9). Plaintiff filed his Response (Doc. 112) and a Stipulation of Voluntary Dismissal as to Counts IV and V (Doc. 113). Subsequently, Magistrate Judge Wilkerson entered an Order (Doc. 181) denying the portion of Crane's motion requesting a more definite statement. Accordingly, the Court is only considering the portions of the motion seeking the dismissal of Counts I and II pursuant to Rule 12(b)(6).[1] For the following reasons, Defendant's motion is **DENIED.**

    Plaintiff alleges in his Complaint that he was exposed to and inhaled asbestos fibers throughout 1969-75 from products which were manufactured, sold, and/or distributed or installed by Crane and other Defendants. Plaintiff further alleges that Crane knew or should have known that the asbestos contained in its products had toxic health effects, that Crane failed to exercise ordinary care for the safety of Plaintiff and that exposure to Crane's products caused Plaintiff's lung cancer. This exposure allegedly occurred while Plaintiff was employed as a warehouse worker at Coca Cola, as a repairman/seaman in the United States Navy, as an electrician at Kraco Electronics and as a warehouse worker for the City of Santa Anna, California.

---

[1] Count III is not directed against this Defendant.

The following counts remain as to Plaintiff's claims against Crane: Negligence (Count I), Willful and Wanton Misconduct (Count II). Defendant contends that the allegations directed at it fail to state a cause of action upon which relief could be granted. More precisely, Defendant argues that Plaintiff does not specify the times or locations of exposure specifically to Crane's products.

Fed. R. Civ. P. 8(a)(2) requires that the Complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court's ruling thus requires more than conclusory statements or a mere recitation of a cause of action's elements. *Id.* When a claim is challenged under this Rule, the Court construes the pleading liberally in the pleader's favor. *See Kaltenbach v. Richards*, 464 F.3d 524, 526-27 (5th Cir. 2006). The court presumes that all well-pleaded allegations are true, resolves all reasonable doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party. *Bell Atlantic Corp.*, 550 U.S. at 555. "[W]e do not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "[T]he complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense." *Tamayo v. Blagojevich*, 526 F. 3d 1074, 1085 (7th Cir. 2008).

Plaintiff alleges that exposure to Crane's products caused him to develop lung cancer. More specifically, he alleges the exposure occurred between 1969 and 1970 while he worked as a warehouse worker at Coca Cola in Olathe, Kansas, between 1970 and 1973 while he worked as a repairman/seaman in the U.S. Navy in Long Beach, California, between 1974 and 1975 while he worked aboard the USS Hector and the USS Surf Bird, in 1974 while he worked as an

electrician at Kraco Electronics in Compton, California, and between 1974 and 1975 while he worked as a warehouse worker for the City of Santa Anna, California.

Here, Plaintiff has provided specific locations, specific states, and specific time periods allowing Defendants ample notice of Plaintiff's claims and the grounds for said claims. As the Supreme Court noted in *Twombly*, a plaintiff need only plead enough facts to state a claim that is plausible on its face. In this particular case, Plaintiff has succeeded in doing so.  Defendant's motion (Doc. 9) is **DENIED.**


**IT IS SO ORDERED.**

**DATE:  April 16, 2015**                                              **s/  Staci M. Yandle**
                                                                                              **STACI M. YANDLE**
                                                                                              **DISTRICT JUDGE**