IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN WATTS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:14-cv-327-SMY-DGW |
| | ) |
| ASBESTOS CORPORATION LTD., et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are Motions to Continue and/or be Excused from Attending the Settlement Conference filed by Georgia Pacific, LLC, Ingersoll-Rand Company, Trane US, Inc., Borgwarner Morse Tec, Inc., Excelsior Packing & Gaskets, Viking Pumps, Inc., and Borgwarner Morse Tec., Inc. (Docs. 392, 393, 395, 398, 399, and 400). The Motions are **DENIED**.

On June 18, 2014, this Court entered a Scheduling Order setting forth various deadlines including an October 16, 2015 discovery deadline and an October 31, 2015 dispositive motion filing deadline (Doc. 173). Thereafter, United States District Judge Staci M. Yandle set a Final Pretrial Conference for February 3, 2016 and a Jury Trial for February 22, 2016 (Doc. 235). No extensions of those deadlines have been sought or granted prior to the pending motions.

The moving Defendants have now informed the Court, one month prior to trial, that they did not meaningfully participate in discovery in this matter because of an agreement with Plaintiff's lawyers' firm. Similarly, they indicate that Plaintiff may also have failed to fully participate in discovery in light of their agreement. They seek an Order enforcing the terms of the agreement, which they describe as a settlement agreement. These terms include a provision

that essentially stayed discovery in this case pending Plaintiff's (Steven Watts') ratification of the agreement. It appears that Mr. Watts has not ratified that agreement, and as Defendants state, "it is clear that this case and the other cases subject to the Agreement will not be settled."

The parties' (or in this case Defendants' and Plaintiff's attorneys') agreement has absolutely nothing to do with the deadlines set forth in the Scheduling Order. This private agreement would in no way alter, stay, modify, or otherwise change any deadline set by this Court *in a Court Order*. The Court's schedule is simply not subject to a private agreement between Defendants and Plaintiff's attorneys. While the parties were free to modify deadlines consistent with Federal Rule of Civil Procedure 29, their decision to fail to conduct discovery in this matter within the deadline provided by the Court was at their peril. Moreover, this Court will not enforce a contract between certain Defendants and Plaintiff's lawyers – such a contract dispute is wholly unrelated to Plaintiff's claims against Defendants and concerns matters beyond this Court's jurisdiction. The Court expects the parties to be prepared for the Final Pretrial Conference on February 3, 2016 and the Jury Trial on February 22, 2016.

As to the January 29, 2016 settlement conference, all parties who have not been dismissed from this lawsuit are expected to appear consistent with the Notice of Settlement Conference (Doc. 286). To date, no party has been excused from appearing, *in person*.

**IT IS SO ORDERED.**

**DATED: January 22, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**