IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN WATTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 14-CV-327-SMY-DGW |
| | ) |
| 84 LUMBER COMPANY et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is the Motion for Summary Judgment filed by Defendant Asbestos Corporation LTD ("ACL") (Doc. 334). For the following reasons, the motion is **GRANTED.**

Plaintiff Steven Watts filed this action alleging he sustained injuries as a result of exposure to asbestos-containing products attributable to ACL and various other defendants (*see* Doc. 2-1). More specifically, Plaintiff alleges he contracted lung cancer as a result of inhaling airborne asbestos fibers while working as a warehouse worker at a Coca Cola factory between 1969 and 1970, serving aboard United States Navy ships as an enlisted officer between 1970 and 1975, as an electrician at Kraco Electronics in 1974 and as a warehouse worker for the City of Santa Anna between 1974 and 1975 (Doc. 2-1). For its motion, ACL asserts that there is no deposition testimony or other evidence that Plaintiff ever worked with or around ACL products or that ACL products were the source of Plaintiff's alleged asbestos exposure.

To date, Plaintiff has failed to file a response to the pending motion. By so doing, Plaintiff has forgone his opportunity to avoid dismissal of his claims as to ACL. Federal Rule of

1

Civil Procedure 56(e) provides:

> When a motion for summary judgment is properly made, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Additionally, Local Rule 7.1(c) provides, in relevant part, that the "[f]ailure to timely file an answering brief to a motion may, in the court's discretion, be considered an admission of the merits of the motion." SDIL–LR 7.1(c); *Arndt v. Bartley*, 2009 WL 3172784, at *2 (S.D. Ill. Sept. 22, 2009).

Consequently, having fully considered ACL's arguments, the Court deems Plaintiff's failure to respond as an admission of the merits of the motion and **GRANTS** Defendant Asbestos Corporation LTD's Motion for Summary Judgment (Doc. 334). Accordingly, this action is **DISMISSED with prejudice** as to Defendants Asbestos Corporation LTD. The Clerk of Court is **DIRECTED** to enter judgment in favor of this Defendant and against Plaintiff at the close of the case.

**IT IS SO ORDERED.**

**DATED:  January 22, 2016**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**