## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **STEVEN WATTS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-CV-327-SMY-DGW** |
| | ) | |
| **84 LUMBER COMPANY et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

In January 2014, Plaintiff Steven Watts filed this action in the Third Judicial Circuit, Madison County, Illinois, alleging injuries as a result of exposure to asbestos-containing products attributable to numerous defendants (Doc. 2-1).  On March 12, 2014, Defendant Crane Co. removed the action to this Court (Doc. 2).  Now pending before the Court is the Motion to Transfer Venue filed by Defendant Ingersoll-Rand Company (Doc. 447).  Defendant Borgwarner Morse Tec, Inc. joined the motion (Doc. 448).  Defendants seek the transfer of this action to the United States District Court for the District of Alaska pursuant to 28 U.S.C. § 1404(a).

Under 28 U.S.C. § 1404, a district court may transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district.  Specifically, subsection (a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a); *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.,* 626 F.3d 973, 977 (7th Cir. 2010).  The purpose of § 1404(a) is to prevent "avoidable waste of time, energy and money as well as to protect parties, witnesses, and the public against

inconvenience and expense*." Dole v. Diversified Collection Servs., Inc.,* 1990 WL 165329, at *8 (N.D. Ill. Oct. 23, 1990).  The statutory language guides the court's evaluation of the particular circumstances of each case and is broad enough to allow the court to take into account all factors relevant to convenience and/or the interests of justice.  *Research Automation,* 626 F.3d at 978. The district court is granted a substantial degree of deference in deciding whether transfer is appropriate.  *See Tice v. American Airlines, Inc.,* 162 F.3d 966, 974 (7th Cir.1998).

Although Defendants argue that convenience and the "interest of justice" dictate transferring this action to Alaska, other than Defendants' conclusory assertions and suppositions, there has been no showing that any witnesses or evidence are unavailable for trial in this district. Nor do Defendants claim that the reasons for which they now seek transfer have arisen only recently, and were not present from the beginning of the case.  The Court finds Defendants' arguments particularly dubious given the length of time this case has been pending and the upcoming February 22, 2016, trial date.

As Defendant Ingersoll-Rand notes in its motion, courts may deny a late-filed motion to transfer when it is "merely a dilatory tactic".[1] *See Blumenthal v. Management Assistance, Inc.,* 480 F.Supp. 470, 471 (N.D.Ill.1979); *see also Peteet v. Dow Chemical Co.,* 868 F.2d 1429, 1435 (5th Cir.1989) (stating that "[c]ourts have considered a party's delay in denying a motion to transfer," and collecting cases).  Defendants' untimely motion fits the bill.

Relying upon a so-called "Stand Down Agreement" to which this Court is not a party, counsel for various Defendants in this case (including Ingersoll-Rand) apparently implemented a de facto stay and chose to disregard court-imposed deadlines for dispositive motions, Daubert motions, motions *in limine* and other pre-trial case management procedures.  They did so at their

---

[1] Dilatory is defined as "tending or intended to cause delay or to gain time or to put off a decision."  *See* Merriam-Webster's Online Dictionary, http://www.merriam-webster.com/dictionary/dilatory (last visited Jan. 29, 2016).

peril.  Now, at the eleventh hour, Defendants and their counsel are flooding this Court with untimely motions and employing various other tactics clearly designed to delay the inevitable: **Trial on February 22, 2016**.  Such conduct will not be excused or sanctioned by this Court.[2] Further, neither judicial economy nor the interests of justice would be served by a transfer at this late juncture.  This Court has become familiar with this litigation over the last 22 months and, as such, is in a better position to handle the case through trial in an expeditious and cost-sensitive manner than the District Court in Alaska.    Accordingly, the motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  January 29, 2016**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**

---

[2] Counsel are cautioned that any further delay tactics will be reviewed by this Court within the context of Rule 11(b) and (c).

3