IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **STEVEN WATTS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 14-CV-327-SMY-DGW |
| ) | |
| **84 LUMBER COMPANY et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Steven Watts brings this action alleging he sustained injuries as a result of exposure to asbestos-containing products attributable to Excelsior Packing & Gasket Company ("Excelsior") and various other defendants. On January 28, 2016, this Court entered an order denying Excelsior's Motion for Summary Judgment (Doc. 445). Now pending before the Court is Defendant's Motion to Alter Judgment Or Amend Order Denying Excelsior's Motion for Summary Judgment Based On Plaintiff's Newly Filed Rule 26(a)(3) Disclosures (Doc. 465), which this Court construes as a motion for reconsideration. For the following reasons, the motion is **DENIED**.

At the outset, the Court must determine whether it can properly reconsider its order under Rule 59(e) as requested. Rule 59(e) expressly provides for reconsideration of *final judgments*. *See* Fed.R.Civ.Pro. 59(e) (emphasis added). The order denying Defendant's motion for summary judgment was not a final judgment, but interlocutory. Accordingly, Rule 59(e) is inapplicable. However, district courts have inherent power to reconsider interlocutory orders and reconsideration is committed to the court's sound discretion. *See Peterson v. Lindner,* 765 F.2d 698, 704 (7th Cir.1985); *Harrisonville Tel. Co. v. Illinois Commerce Comm'n,* 472 F. Supp. 2d 1071, 1074 (S.D. Ill. 2006).

1

Reconsideration of an interlocutory order is proper where "the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension.  A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the court." *Neal v. Honeywell, Inc.,* No. 93–1143, 1996 WL 627616, at *3 (N.D.Ill. Oct.25, 1996) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990)). Generally, motions for reconsideration of interlocutory orders are discouraged.  *Wilson v. Cahokia Sch. Dist. # 187,* 470 F.Supp.2d 897, 913 (S.D.Ill.2007).  This is because true manifest errors of law and fact "rarely arise" and, consequently, "the motion to reconsider should be equally rare." *Neal,* 1996 WL 627616, at *3 (quoting *Bank of Waunakee,* 906 F.2d at 1191).

Here, Excelsior seeks to alter or amend this Court's order denying its motion for summary judgment based on Plaintiff's recent Rule 26(a)(3) disclosures.  Specifically, Excelsior asserts that Plaintiff's disclosures fail to identify any evidence or witness to show that the Excelsior gaskets Plaintiff claims he worked with or around actually contained asbestos.[1]  Excelsior then restates the same arguments made in its summary judgment motion.  The motion does not identify a significant change in facts warranting reconsideration. As such, Excelsior's arguments fall short of the extraordinary grounds needed for reconsideration.  Accordingly, the motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  February 1, 2016**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**

---

[1] The Court previously found there was sufficient circumstantial evidence of this fact to defeat summary judgment. *See* Doc. 445.