IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN WATTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-327-SMY-DGW |
| | ) |
| 84 LUMBER COMPANY et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

In January 2014, Plaintiff Steven Watts filed this action in the Third Judicial Circuit, Madison County, Illinois, alleging injuries as a result of exposure to asbestos-containing products attributable to numerous defendants (Doc. 2-1). On March 12, 2014, Defendant Crane Co. removed the action to this Court (Doc. 2). Now pending before the Court is Defendant Honeywell International Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Motion for Summary Judgment filed on January 22, 2016 (Doc. 410). Honeywell argues it is entitled to dismissal because Plaintiff has failed to plead or prove facts sufficient to show a *prima facie* basis for personal jurisdiction over it. For the following reasons, the motion is **DENIED**.

This Court does not reach the merits of Honeywell's argument because it is apparent that Honeywell has waived this defense. The federal rules of civil procedure provide that "A defense of lack of jurisdiction over the person ... is waived ... (B) if it is neither made by motion under this rule nor included in a responsive pleading...." Fed.R.Civ.P. 12(h)(1). Even when a valid personal jurisdiction defense exists, the defense is waived if the objecting party fails to timely

raise it or if the objecting party proceeds to litigate the case on the merits. *See Continental Bank, N.A. v. Meyer,* 10 F.3d 1293, 1296–97 (7th Cir.1993). In *Continental Bank*, the Seventh Circuit upheld a district court's finding that the defendants waived their defense of lack of personal jurisdiction. The Court instructed that the privileges Rule 12(h)(1) extends to a defendant "may be waived by formal submission in a cause, or by submission through conduct." *Id.* at 1297 (collecting cases). The Court further noted that asserting a jurisdictional defect in an answer does "not preserve the defense in perpetuity." *Id*.

Here, the Court finds the *Continental Bank* opinion controlling. Like the defendants in *Continental Bank*, Honeywell raised the affirmative defense of lack of personal jurisdiction in its answer to the complaint. Notwithstanding this assertion, Honeywell elected not to judiciously file a motion under Rule 12(b)(2) and (3) and/or seek a judgment on the pleadings. In anticipation of the waiver issue, Honeywell asserts that it has not meaningfully participated in this litigation – referring the Court to the so-called "Settlement and Stand Still Agreement." Pursuant to that agreement, various Defendants in this case (including Honeywell) implemented a *de facto* stay and chose not to litigate this matter. Now, Honeywell attempts to use the agreement as a shield, asserting that this Court lacks personal jurisdiction over it because, aside from filing its answer, "Honeywell took no action in this case indicating it would defend this lawsuit on the merits" (*see* Doc. 410, p. 2).

Instead of filing a timely motion to dismiss, Honeywell chose not to defend the claims against it for over 22 months and waited until the eve of trial and the expiration of the discovery and dispositive motion deadlines to seek dismissal. The Court finds that although Honeywell may have literally complied with Rule 12(h), it did not comply with the spirit of the rule, which is "to expedite and simplify proceedings in the Federal Courts." *Continental Bank*, 10 F.3d at

1297.  The Seventh Circuit was clear that the extent of the defendant's participation in the litigation was not the central reason for finding waiver; rather, the fact that the defendant ***did not assert the issue seasonably*** was dispositive for the appellate court.  *Continental Bank, N.A.,* 10 F.3d at 1297; *see also Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 914 (7th Cir. 1994)("It would defeat the purpose of requiring prompt assertion of the defense of lack of personal jurisdiction if the defendant, having raised an objection to personal jurisdiction at the outset as required could, without any penalty, fail or refuse to press it, creating the impression that he had abandoned it…").  Therefore, the Court finds that Honeywell waived its affirmative defense and thus has submitted to this Court's jurisdiction.  Accordingly, the motion is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:  February 8, 2016**

    **s/ Staci M. Yandle**
    **STACI M. YANDLE**
    **United States District Judge**