**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **STEVEN WATTS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 14-CV-327-SMY-DGW** |
| ) | |
| **84 LUMBER COMPANY et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

In fulfilling the duty to efficiently manage its docket and in anticipation of the February 22, 2016, trial setting in this matter, the Court has reviewed Defendant Viking Pumps, Inc.'s Rule 26(a)(3) Disclosures (Doc. 417). Under Rule 26(a)(3), pretrial disclosures **must** (emphasis added) include: "(i) the name and, if not previously provided, the address and telephone number of each witness…(ii) the designation of those witnesses whose testimony the party expects to present by deposition…and (iii) an identification of each document or other exhibit, including summaries of other evidence – separately identifying those items the party expects to offer…" Fed. R. Civ. P. 26(a)(3)(A).

Further, Rule 37(c) enforces the disclosure requirements of Rule 26 and states, in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

1

The Seventh Circuit has repeatedly held that "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *See, e.g., David v. Caterpillar Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)); *accord Stewart Title Guaranty Co. v. Residential Title Servs., Inc.*, 607 F. Supp. 2d 959, 964 (E.D. Wis. 2000).

In its disclosures, under the designation, "Documents or Other Exhibits," Viking seeks to "reserve the right" to call numerous un-named witnesses at trial.  However, Viking cannot reserve to itself a right it does not have under Rule 26.  The Court finds that the vague and boilerplate identification of categories of potential witnesses is insufficient and inconsistent with the spirit and purpose of Rule 26.  The Court further finds that Viking's failure to comply with Rule 26(a)(3) cannot be substantially justified and is not harmless.  Discovery in this matter is closed and the time to depose any newly identified "may call" witness has long passed.  Accordingly, pursuant to Rule 37(c), the Court **STRIKES** that portion of Viking's Rule 26(a)(3) Disclosures designated as "Documents or Other Exhibits" and Viking shall be prohibited from presenting any witnesses live or by deposition testimony at trial not specifically named and identified in compliance with Rule 26(a)(3).

Regarding Viking's Exhibit List (Doc. 417-1), and pursuant to Rule 37(c), the Court **STRIKES** the following items which are insufficiently identified to comport with Rule 26(a)(3)(A)(ii):

- All pleadings, motions, instruments, and other papers for preservation and reference of Plaintiff;

- Demonstrative, medical, or anatomical exhibits;

- Tangible items in Plaintiff's possession including, but not limited to, diaries, work logs, paystubs, etc. concerning any location where Plaintiff was allegedly exposed to asbestos; and

- Tangible items in Plaintiff's possession including, but not limited to, diaries, work logs, purchase orders, product brochures, labels, containers, etc. concerning any products to which Plaintiff was allegedly exposed to asbestos.

**IT IS SO ORDERED.**

**DATED:  February 12, 2016**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
