**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| STEVEN WATTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-327-SMY-DGW |
| | ) |
| 84 LUMBER COMPANY et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

In fulfilling the duty to efficiently manage its docket and in anticipation of the February 22, 2016, trial setting in this matter, the Court has reviewed Defendant Honeywell International Inc.'s Rule 26(a)(3) Disclosures (Doc. 408). Under Rule 26(a)(3), pretrial disclosures **must** (emphasis added) include: "(i) the name and, if not previously provided, the address and telephone number of each witness…(ii) the designation of those witnesses whose testimony the party expects to present by deposition…and (iii) an identification of each document or other exhibit, including summaries of other evidence – separately identifying those items the party expects to offer…" Fed. R. Civ. P. 26(a)(3)(A).

Further, Rule 37(c) enforces the disclosure requirements of Rule 26 and states, in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

The Seventh Circuit has repeatedly held that "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *See, e.g., David v. Caterpillar Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)); *accord Stewart Title Guaranty Co. v. Residential Title Servs., Inc.*, 607 F. Supp. 2d 959, 964 (E.D. Wis. 2000).

In its disclosures with respect to witnesses it expects to present or may call if necessary, Honeywell names "[a]ll experts disclosed and/or called by other defendants, to the extent they do not contradict Honeywell's defenses." Further, under the designation "Other Witnesses Honeywell Reserves the Right to Present at Trial," it seeks to "reserve the right" to call numerous un-named witnesses at trial. However, Honeywell cannot reserve to itself a right it does not have under Rule 26. The Court finds that the vague and boilerplate identification of categories of potential witnesses is insufficient and inconsistent with the spirit and purpose of Rule 26. The Court further finds that Honeywell's failure to comply with Rule 26(a)(3) cannot be substantially justified and is not harmless. Discovery in this case is closed and the time to depose any newly identified "may call" witnesses has long passed. Accordingly, pursuant to Rule 37(c), the Court **STRIKES** that portion of Honeywell's Rule 26(a)(3) Disclosures designated as "Other Witnesses Honeywell Reserves the Right to Present at Trial," and Honeywell shall be prohibited from presenting any witnesses live or by deposition testimony at trial not specifically named and identified in compliance with Rule 26(a)(3).

Regarding Honeywell's designation "Documents and Other Exhibits", and pursuant to Rule 37(c), the Court **STRIKES** the following items which are insufficiently identified to comport with Rule 26(a)(3)(A)(ii):

- Documents 1 through 18;

- Documents 26 through 31; and

- Documents 73 through 81.

**IT IS SO ORDERED.**

**DATED:  February 12, 2016**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
