IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN WATTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-327-SMY-DGW |
| | ) |
| 84 LUMBER COMPANY et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are the Motions *in Limine* filed by Defendants Ingersoll-Rand Company (Doc. 451), Borgwarner Morse Tec (Doc. 436),[1] Excelsior Packing and Viking Pumps, Inc. (Doc. 469). Defendant Honeywell International adopted and incorporated co-defendants' motions (Doc. 504).

The purpose of a motion *in limine* is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial. *See Luce v. United States*, 469 U.S. 38, 41, n.4 (1984)("although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials"). It serves to "aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996).

---

[1] The Court has considered only those portions which have been adopted by the remaining defendants.

1

Motions *in limine* also may save the parties time, effort, and cost in preparing and presenting their cases. *Pivot Point Intern., Inc. v. Charlene Products, Inc.*, 932 F. Supp. 220, 222 (N.D.Ill. 1996). Often, however, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997); *see also Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.), *cert. denied*, 423 U.S. 987 (1975).

The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D.Ill. 1994). The court may deny a motion *in limine* when it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Moreover, the court may alter an *in limine* ruling based on developments at trial or sound judicial discretion. *Luce*, 469 U.S. at 41. "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp.1398, 1401 (N.D. Ill. 1993). Denial only means that the court cannot decide admissibility outside the context of trial. *Plair*, 864 F. Supp. at 69.

A court may reserve judgment until trial, so that the motion *in limine* is placed "in an appropriate factual context." *Nat'l Union*, 937 F. Supp. at 287. Stated another way, motion *in limine* rulings are "subject to change when the case unfolds" at trial. *Luce*, 469 U.S. at 41. Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id*. The Court should exclude evidence on a motion *in limine* "only when the evidence is clearly inadmissible on all

2

potential grounds." *Jonasson,* 115 F.3d at 440.

With these principles in mind, the Court rules as follows.

1. The Court **GRANTS** the following <u>unopposed</u> motions *in limine*:

    - Ingersoll-Rand's motion *in limine* No. 1 – to exclude witnesses and exhibits not previously disclosed;

    - Ingersoll-Rand's motion *in limine* No. 2 – to exclude witnesses and expert testimony not previously disclosed;

    - Ingersoll-Rand's motion *in limine* No. 6 – to preclude argument or evidence regarding knowledge or conduct post-dating plaintiff's last alleged exposure;

    - Ingersoll-Rand's motion *in limine* No. 8 – to preclude argument or evidence regarding products not at issue;

    - Ingersoll-Rand's motion *in limine* No. 9 – to exclude evidence or argument related to Ingersoll Rand Company's parent, related, and affiliated companies;

    - Ingersoll-Rand's motion *in limine* No. 13 – to exclude testimony regarding Ingersoll Rand Company's insurance against liability;

    - Ingersoll-Rand's motion *in limine* No. 14 – to exclude demonstrative evidence or real physical evidence until the Court rules on admissibility;

    - Ingersoll-Rand's motion *in limine* No. 15 – to exclude witnesses' medical diagnosis;

    - Ingersoll-Rand's motion *in limine* No. 16 – to exclude reference, testimony, or evidence that any friend, relative, co-worker, or other person was injured as a result of exposure to asbestos;

    - Ingersoll-Rand's motion *in limine* No. 17 – to exclude evidence regarding Ingersoll Rand Company products in use at job sites after Plaintiff's last date of claimed exposure;

    - Ingersoll-Rand's motion *in limine* No. 18 – to exclude any trial testimony regarding Ingersoll Rand Company products used at hob sites where plaintiff did not work;

    - Ingersoll-Rand's motion *in limine* No. 22 – to prohibit Plaintiff from referring to "profits at the expense of others";

- Ingersoll-Rand's motion *in limine* No. 23 – to require 24-hour pre-disclosure of witness testimony and documentary production;

- Ingersoll-Rand's motion *in limine* No. 25 – to exclude medical bills;

- Ingersoll-Rand's motion *in limine* No. 26 – to prohibit Plaintiff from referring to crossclaims or codefendants;

- Ingersoll-Rand's motion *in limine* No. 27 – to exclude evidence regarding the amount of money or time spent by Ingersoll Rand Company in defending this matter or any reference to Defendant's wealth;

- Ingersoll-Rand's motion *in limine* No. 28 – to exclude evidence, testimony, or reference to settlement offers and/or negotiations;

- Ingersoll-Rand's motion *in limine* No. 30 – to exclude evidence or other vclaims, reports, or lawsuits;

- Ingersoll-Rand's motion *in limine* No. 31 – to exclude non-party witnesses from the courtroom;

- Ingersoll-Rand's motion *in limine* No. 34 – to exclude evidence regarding motions *in limine*;

- Viking and Excelsior's motion *in limine* No. 1 – references to jury consultants;

- Viking and Excelsior's motion *in limine* No. 2 – references to "regardless of who pays" interrogating the jury panel as to whether they would answer an issue of damages in accordance with the evidence, regardless of who pays the damages or when they will be paid, or whether they will ever be paid, or any similar version of such inquiry;

- Viking and Excelsior's motion *in limine* No. 3 – references to Plaintiff's lack of insurance;

- Viking and Excelsior's motion *in limine* No. 4 – references to size of law firms;

- Viking and Excelsior's motion *in limine* No. 5 – mentioning or commenting to the jury about any other case in which counsel may have been involved;

- Viking and Excelsior's motion *in limine* No. 6 – mentioning that Defendants' counsel represent insurance companies in litigation;

- Viking and Excelsior's motion *in limine* No. 8 – concert of action among Defendants;

- Viking and Excelsior's motion *in limine* No. 9 – any contention that superseding cause is no defense to a strict liability claim or that negligent conduct will not suffice as a superseding cause;

- Viking and Excelsior's motion *in limine* No. 10 – mentioning or referencing any expert witness conversations with another expert or hearsay conversations with another person;

- Viking and Excelsior's motion *in limine* No. 12 – mentioning, referencing or introducing any evidence of the EPA hearings on asbestos, the testimony presented at the EPA hearings and the EPA's alleged "ban" of products containing asbestos;

- Borgwarner's motion *in limine* No. 6 – references to the fact that Defendants have previously settled asbestos lawsuits;

- Borgwarner's motion *in limine* No. 19 – references to or comments on any alleged discovery violations of Defendants in prior lawsuits;

- Borgwarner's motion *in limine* No. 25 – references to or comments on the amount of time and expense spent by Defendants in defending this case;

- Borgwarner's motion *in limine* No. 30 – mentioning or referencing the number of attorneys or legal assistants or the location of Defendants' attorneys' law firms;

- Borgwarner's motion *in limine* No. 39 – mentioning or referencing the refusal of either party to enter into a stipulation prior to trial;

- Borgwarner's motion *in limine* No. 43 – mentioning, suggesting or implying that Defendants may have been found guilty of any misconduct, criminal liability, or civil liability in the past;

- Borgwarner's motion *in limine* No. 45 – mentioning, referencing or introducing evidence of any subsequent remedial measures or actions;

- Borgwarner's motion *in limine* No. 55 – mentioning or offering into evidence any comments or insinuations that Corporate America is evil.

2. The following motions *in limine* were opposed by the parties. Upon review, the Court finds that no additional arguments are necessary or would further aid the Court in making its determination. The Court notes that, generally, admissibility questions should be ruled upon as they arise at trial. Accordingly, if evidence is not clearly inadmissible, evidentiary rulings

5

must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. Thus, denial of a motion *in limine* in this Order does not indicate evidence contemplated by the motion will be admitted at trial. Rather, unless otherwise specified, denial demonstrates that the Court cannot determine whether the evidence in question should be excluded outside the trial context. *See United States v. Connelly,* 874 F.2d 412, 416 (7th Cir.1989). Accordingly, the Court rules as follows:

- Ingersoll-Rand's motion *in limine* No. 3 – to preclude specific-causation testimony from Plaintiff's expert. The Motion implicates FRE 702 and Daubert. As Daubert motions were due to be filed on or before October 31, 2015, the Motion is **DENIED as untimely**.

- Ingersoll-Rand's motion *in limine* No. 4 – to bar the use of prior deposition testimony and prior court testimony. The Motion is **MOOT**. As the Court previously ruled, Plaintiff is prohibited from calling any witnesses by deposition testimony other than Plaintiff and Dr. James Strauchen (*see* Docs. 489, 513).

- Ingersoll-Rand's motion *in limine* No. 5 – for set off and to compel disclosure of all settlements with other parties or entities. The Motion is not a proper *in limine* motion. In the event of a verdict in Plaintiff's favor, Defendants can file an appropriate motion regarding set off at the conclusion of trial. Accordingly, the Motion is **DENIED**.

- Ingersoll-Rand's motion *in limine* No. 7 – to preclude argument or evidence of Government statements or regulations regarding asbestos hazards. The Motion is **DENIED**.

- Ingersoll-Rand's motion *in limine* No. 10 – to exclude lay witness testimony that products contained asbestos. The Motion is **DENIED**.

- Ingersoll-Rand's motion *in limine* No. 11 – to exclude any argument or suggestion that Defendant is liable for products affixed to its products post-sale. The Motion is **DENIED**.

- Ingersoll-Rand's motion *in limine* No. 12 – to exclude reference to other diseases. The Motion is **DENIED**.

- Ingersoll-Rand's motion *in limine* No. 19 – to exclude all anecdotal testimony or documents concerning asbestos content of products or the cause of Plaintiff's medical condition. The Motion is **DENIED**.

- Ingersoll-Rand's motion *in limine* No. 20 – to exclude any testimony, argument, or evidence that Plaintiff or any person saw visible dust while utilizing Defendants' products. The Motion is **DENIED**.

- Ingersoll-Rand's motion *in limine* No. 21 – to prohibit imputed knowledge of the purported hazards of asbestos exposure to Defendants. The Motion is **DENIED**.

- Ingersoll-Rand's motion *in limine* No. 24 – to bar argument or reference to lack of client representative at trial. The Motion is **GRANTED**.

- Ingersoll-Rand's motion *in limine* No. 29 – to exclude any argument that Defendants "refuse to take responsibility" or "still refuse to take responsibility" simply because they have chosen to defend themselves at trial. There is no legal support for the exclusion of this type of reference and, therefore, the Motion is **DENIED**.

- Ingersoll-Rand's motion *in limine* No. 32 – to preclude use of the terms "asbestos industry," "asbestos company" or "member of the asbestos industry" before the jury. There is no legal support for the exclusion of this type of reference and, therefore, the Motion is **DENIED**.

- Ingersoll-Rand's motion *in limine* No. 33 – referring to defense counsel as "asbestos defense attorney", Plaintiff as an "asbestos victim," or similar references in front of the jury. There is no legal support for the exclusion of this type of reference and, therefore, the Motion is **DENIED**.

- Ingersoll-Rand's motion *in limine* No. 35 – to incorporate by reference motions *in limine* filed by other codefendants. The Motion is **GRANTED**.

- Viking and Excelsior's motion *in limine* No. 7 – probable testimony. The Motion is **GRANTED in part** and **DENIED in part**. Plaintiff shall be prohibited from mentioning or stating to the jury the probable testimony of a witness who is absent or unavailable to Defendants. However, Plaintiff will not be prohibited from mentioning the failure of Defendants to call any expert witness employed to express an opinion.

- Viking and Excelsior's motion *in limine* No. 11 – references to or evidence of alleged duty on the part of Defendants to provide warnings in the absence of the requisite predicate. The Motion is **DENIED**.

- Viking and Excelsior's motion *in limine* No. 13 – references to an alleged post-sale duty to warn. The Motion is **DENIED**.

- Borgwarner's motion *in limine* No. 14 – reference to or comments by Plaintiff regarding Plaintiff's exposure to products allegedly attributable to Defendants that are based on hearsay. The Motion is **DENIED**.

- Borgwarner's motion *in limine* No. 15 – testimony by Plaintiff regarding his exposure to products allegedly attributable to Defendants that are beyond the scope of his prior depositions in this action.  The Motion is **DENIED**.

- Borgwarner's motion *in limine* No. 29 – reference to or comment by Plaintiff's counsel in regards to certain statements.  There is no legal support for the exclusion of this type of reference and, therefore, the Motion is **DENIED**.

- Borgwarner's motion *in limine* No. 32 – suggesting or asking jurors to place themselves in the position of Plaintiff.  The Motion is **GRANTED**.

- Borgwarner's motion *in limine* No. 33 – mentioning or making reference to the failure to call any witness that is equally available to all parties.  The Motion is **GRANTED.**

- Borgwarner's motion *in limine* No. 34 – mentioning or stating to the jury the probable testimony of an absent witness.  The Motion is **GRANTED in part** and **DENIED in part**.  Plaintiff shall be prohibited from mentioning or stating to the jury the probable testimony of a witness who is absent or unavailable to Defendants.  However, Plaintiff will not be prohibited from mentioning the failure of Defendants to call any expert witness employed to express an opinion.

- Borgwarner's motion *in limine* No. 36 – any statement or remark by Plaintiff's counsel as to his personal beliefs or opinions concerning the equities or justice inherent in Plaintiff's case or his right to recover damages.  The Motion is **DENIED**.

- Borgwarner's motion *in limine* No. 37 – referencing or making disparaging remarks to Defendants.  There is no legal support for the exclusion of this type of reference and, therefore, the Motion is **DENIED**.

- Borgwarner's motion *in limine* No. 38 – referencing in any manner or making prejudicial comparison between the conduct of Defendants and other corporate entities or products.  The Motion is **DENIED**.

- Borgwarner's motion *in limine* No. 44 – mentioning, referencing or introducing evidence of any prior action and/or omission on the part of Defendants that is not directly related to the incident and allegations at issue.  The Motion is **DENIED**.

- Borgwarner's motion *in limine* No. 48 – Referencing evidence of case reports, case report compilations, or expert opinions based on such reports to prove causation.  The Motion is **DENIED**.

- Borgwarner's motion *in limine* No. 54 – referencing any statement made to Plaintiff by medical personnel or conversations with any doctor or other medical practitioner.  The Motion is **DENIED**.

- Borgwarner's motion *in limine* No. 56 –referencing or presenting testimony with respect to the minutes of general meeting and committee meetings and any other records of the Industrial Hygiene Foundation, Asbestos Textile Institute or any other trade organization or association.  The Motion is **DENIED**.

- Borgwarner's motion *in limine* No. 57 – reference to or comment by Plaintiff, counsel, and witnesses that attempt to introduce evidence before the jury or the venire at any time regarding the condition of Defendants' manufacturing plants.  The Motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  February 16, 2016**

                                                    **s/ Staci M. Yandle**
                                                    **STACI M. YANDLE**
                                                    **United States District Judge**